IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Willi Doomanadeh,<br><br>        Petitioner,<br><br>vs.<br><br>Michael Chertoff, et. al.,<br><br>        Respondents. | No. CV 04-2506-PHX-SMM (HCE)<br><br>**REPORT & RECOMMENDATION** |

On November 12, 2004 Petitioner filed the instant *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. Pursuant to the Rules of Practice of this Court, this matter was referred to the undersigned Magistrate Judge for Report and Recommendation.

On October 18, 2006, Respondents filed a Motion to Dismiss as moot. For the following reasons, the Magistrate Judge recommends that the District Court grant Respondents' Motion.

**I.    DISCUSSION**

Petitioner, who is a citizen of Iran, filed the instant Petition and Supplemental Pleading seeking his immediate release from the Eloy Detention Center where he has been in custody since September 2004 pending resolution of issues concerning Petitioner's removability.

On June 3, 2005, the Court entered an Order, *inter alia,* directing service of the Petition and advising Petitioner: "[t]hat at all times during the pendency of this action, Petitioner shall immediately advise the Court...of any change of address and its effective

date...Failure to file a Notice of Change of Address may result in the dismissal of the action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)."  (June 3, 2005 Order, p.4)

On September 20, 2006, the Court permitted Petitioner to file a Supplemental Pleading and ordered Respondents to file a Supplemental Answer.  The record reflects that the copy of the Court's September 20, 2006 Order that was sent to Petitioner was returned to the Court as "undeliverable."  (Doc. No. 13)

On October 18, 2006, Respondents filed a Motion to Dismiss this matter as moot in light of the fact that Petitioner was granted "street release" from INS custody on June 6, 2006 pursuant to a final order of deferral of removal under the Convention Against Torture. (Motion, Ex. 1). On October 18, 2006,  the Magistrate Judge entered an order informing Petitioner that his failure to respond to Respondents' Motion by November 20, 2006 may be deemed as his consent to the granting of the Motion pursuant to Local Rule 7.2(i), Rules of Practice of the U.S. District Court for the District of Arizona, resulting in dismissal of this action. (October 18, 2006 Order).  On October 30, 2006, the copy of the Court's October 18, 2006 Order that was sent to Petitioner was returned to the Court with the indication that Petitioner was "not [in] custody 6-6-06."  (Doc. No. 16)

Petitioner has not filed Notice of Change of Address nor has he filed any other document notifying the Court of his whereabouts and/or that he intends to prosecute this action.  It is the duty of a plaintiff who has filed a *pro se* action to keep the Court apprised of his or her current address and to comply with the Court's orders in a timely fashion.  This Court does not have an affirmative obligation to locate Plaintiff.  "A party, not the district court, bears the burden of keeping the court apprised of any changes in his mailing address." *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  Petitioner's failure to keep the Court informed of his current address supports the conclusion that he no longer wishes to prosecute this action.  *See Carey,* 856 F.2d 1439 (affirming dismissal for failure to prosecute where plaintiff failed to keep court informed of his current address).

The record supports Respondent's position that Petitioner has obtained the relief he requested in his Petition for Writ of Habeas Corpus. Accordingly, the Petition should be dismissed as moot.

## II.     RECOMMENDATION

For the foregoing reasons, the Magistrate Judge recommends that the District Court grant Respondents' Motion to Dismiss (Doc. No. 15).

Pursuant to 28 U.S.C. §636(B), any party may serve and file written objections within ten days after being served with a copy of this Report and Recommendation.  A party may respond to another party's objections within ten days after being served with a copy thereof. Fed.R.Civ.P. 72(b).  If objections are filed, the parties should use the following case number: **CV 04-2506-PHX-SMM**.

If objections are not timely filed, then the parties' right to *de novo* review by the District Court may be deemed waived.  *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.) (*en banc*), *cert. denied,* 540 U.S. 900 (2003).

The Clerk of Court is directed to send a copy of this Report and Recommendation to the parties and/or their counsel.

DATED this 27th day of November, 2006.

_____
Héctor C. Estrada
United States Magistrate Judge